Case 4:14-cv-01696-CLS   Document 13   Filed 05/11/15   Page 1 of 6

FILED
 2015 May-11  AM 10:06
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAURA GOSSETT,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:14-cv-1696-CLS |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant Laura Gossett commenced this action on September 2, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and the case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) improperly considered the opinion of her treating physician; (2) demonstrated an inappropriate bias against claimants; (3) failed to state adequate reasons for finding claimant not credible; (4) failed to find her disabled under Listing 11.02A; and (5) rendered a residual functional capacity finding that was not supported by substantial evidence. Upon consideration, the court finds merit in claimant's fourth argument, and concludes that the case should be remanded to the Commissioner for further proceedings.

Claimant argues that the ALJ should have found her to be disabled under Listing 11.02A, for epilepsy. Listing 11.02 mandates a finding of disability if the following conditions are met:

> Epilepsy — convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment.
>
> A. Daytime episodes (loss of consciousness and convulsive seizures) or
>
> B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. 404, Subpart P, Appendix 1, § 11.02. The prefatory comments to that

Listing also state:

> In epilepsy, regardless of etiology, degree of impairment will be determined according to type, frequency, duration, and sequelae of seizures. At least one detailed description of a typical seizure is required. Such description includes the presence or absence of aura, tongue bites, sphincter control, injuries associated with the attack, and postictal phenomena. The reporting physician should indicate the extent to which description of seizures reflects his own observations and the source of ancillary information. Testimony of persons other than the claimant is essential for description of type and frequency of seizures if professional observation is not available.
>
> Under 11.02 and 11.03, the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed antiepileptic treatment. Adherence to prescribed antiepileptic therapy can ordinarily be determined from objective clinical findings in the report of the physician currently providing treatment for epilepsy. Determination of blood levels of phenytoin sodium or other antiepileptic drugs may serve to indicate whether the prescribed medication is being taken.

20 C.F.R. 404, Subpart P, Appendix 1, § 11.00A.

The ALJ found that

> claimant's impairments did not meet the criteria of section 11.02 of Appendix 1, dealing with neurological disorders, as the evidence failed to show that the claimant had documented and detailed description of seizure pattern occurring at the required frequencies. Frederick O'Neal, M.D. diagnosed the claimant in 2009 with Vasopressor Syncope, with no evidence for underlying epilepsy. Dr. O'Neil reported in 2011 that the claimant was doing well . . . .[1]

That finding was supported by substantial evidence. There is no indication in the record that claimant ever received a diagnosis of epilepsy, or that she experienced *any*

---

[1] Tr. 25.

convulsive seizures, much less seizures at the frequency required by the Listing. Instead, that which claimant characterizes as "seizures" was instead frequently referred to in her medical records as "syncopal episodes," or fainting. Thus, claimant did not satisfy the explicit criteria of Listing 11.02A.

The ALJ also made a conclusory finding that "claimant does not have an impairment or combination of impairments that meets *or medically equals* the severity of one of the listed impairments . . . ."[2] Claimant asserts that the ALJ erred because her condition medically equals Listing 11.02A.[3] Social Security regulations mandate the following considerations for medical equivalence:

> **§ 416.926   Medical equivalence for adults and children.**
>
> (a) *How medical equivalence is determined.* We will decide that your impairment(s) is medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the corresponding medical criteria shown for any listed impairment. When we make a finding regarding medical equivalence, we will consider all relevant evidence in your case record. Medical equivalence can be found in two ways:

---

[2] *Id.* (emphasis supplied).

[3] Claimant's entire argument on this point consists of the following phrase: "A finding of medical equivalence is substantial by the following records . . .," followed by a summary of all of claimant's medical records that mentioned seizures or syncopal episodes. Doc. no. 10 (claimant's brief), at 29. That argument is seriously underdeveloped, and it is unsupported by any case law or regulatory authority. Even so, the court will address the argument in order to avoid any unnecessary prejudice to claimant as the result of her attorney's briefing style.

> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but —
>
> > (A) You do not exhibit one or more of the medical findings specified in the particular listing, or
> >
> > (B) You exhibit all of the medical findings, but one or more of the findings is not as severe as specified in the listing;
>
> (ii) We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.
>
> (2) If you have an impairment that is not described in the Listing of Impairments in appendix 1, or you have a combination of impairments, no one of which meets or is medically equivalent to a listing, we will compare your medical findings with those for closely analogous listed impairments. If the medical findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

20 C.F.R. § 416.926(a) (italics in original).

This court cannot discern the basis for the ALJ's conclusory finding that claimant's impairments did not medically equal any of the listed impairments. The record contains sufficient evidence of the frequency of claimant's syncopal episodes to at least warrant discussion about whether those episodes are "at least equal in severity and duration to the listed findings" for seizure disorders. Remand is warranted for further consideration of that topic.

Based on the foregoing, the decision of the Commissioner is REVERSED, and

this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 11th day of May, 2015.

_____
United States District Judge