# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| LAURA GOSSETT, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1696-CLS |
| ) | |
| ANDREW SAUL, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This court entered an order on August 8, 2019, granting claimant's motion for an award of attorney fees, but reducing the fee award from the requested amount of $78,280.63, which would have amounted to an hourly rate of $5,218.71, to a total of $5,701.80, which amounted to an hourly rate of $380.12, or twice counsel's typical hourly rate.[1] The case presently is before the court on claimant's attorney's motion for reconsideration of that order,[2] the Commissioner's response,[3] and claimant's reply.[4]

---

[1] Doc. no. 23 (Order).

[2] Doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)).

[3] Doc. no. 26 (Agency's Response to Plaintiff's Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. § 406(b)).

[4] Doc. no. 27 (Reply to Response on Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)).

Claimant asserts that this court erroneously relied upon the Sixth Circuit's decision in *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418 (6th Cir. 1990), to find that the requested fee would constitute a windfall to claimant's counsel. The Sixth Circuit held that

> a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. *See, e.g., Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986) ("[w]ithout a floor the introduction of a cap would depress average fees below their expected level in the private market"). Such a result would thwart Congress's intention to assure social security claimants of good representation. *See Rodriquez*, 865 F.2d at 744 ("[t]he fee approval provision is also designed to assure adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation").

*Hayes*, 923 F.2d at 422 (alterations in original). According to the Sixth Circuit, the "calculation of a hypothetical hourly rate that is twice the standard rate" provides a "floor, below which a district court has no basis for questioning . . . the reasonableness of the fee." *Id.* If the hypothetical calculated hourly rate is above the "floor," then the district court should evaluate it for reasonableness using the usual factors. *Id.*

This court is not persuaded by claimant's arguments that it was wrong to rely upon *Hayes*. As an initial matter, this court treated the *Hayes* decision not as binding authority, but as a case that "provided *persuasive* guidance about how to determine when a high hourly rate will constitute a windfall to claimant's counsel."[5]

Additionally, the *Hayes* decision was neither "preempted" by the Supreme Court's decision in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), nor "contrary to 11th Circuit precedent."[6] Even though the Supreme Court held in *Gisbrecht* that the Social Security Act did not "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," it was careful to note the importance of "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Even when a valid contingency agreement is in place, an attorney's fee can be reduced based upon either "the character of the representation and the results the representative achieved," or whenever "*the benefits are large in comparison to the amount of time counsel spent on the case*." *Id.* at 808 (emphasis supplied, citations omitted). The process described persuasively in *Hayes*

---

[5] Doc. no. 23 (Order), at 2 (emphasis supplied).

[6] *See* doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)), at 1 ("The **Hays decision has also been preempted by *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809 (2000)** which overruled the 9th Circuit which employed the loadstar approach and embraced the contingent fee agreement with a review for reasonableness approach.") (emphasis in original); *see also id.* at 12 (stating that this court's decision to rely upon *Hayes* was "**unreasonable** and **contrary to 11th Circuit precedent**") (emphasis in original).

and, accordingly, implemented by this court is but one method for conducting the reasonableness inquiry the Supreme Court mandated in *Gisbrecht*. It is irrelevant that *Hayes* predated *Gisbrecht*, or that *Hayes* employed the lodestar method for calculating attorney fee awards, without giving deference to any contingency agreement, because this court's ultimate conclusion — that the requested fee was unreasonable — was consistent with *Gisbrecht*.

There are no Eleventh Circuit decisions requiring the court to follow a different path. Claimant cites *Keller v. Commissioner of Social Security*, 759 F.3d 1282 (11th Cir. 2014), for the proposition that "courts could not ignore contingent fee agreements."[7] This court did not *ignore* claimant's contingent fee agreement with her attorney; instead, it reviewed that agreement for reasonableness and determined that awarding counsel 25% of claimant's past-due benefits would constitute an unreasonable windfall.[8] Claimant also cites *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), as explicating "the reasons a fee might be reduced from the 25% allowed by statute."[9] But the *Jackson* case only supports this

---

[7] Doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)), at 4 (boldface emphasis removed).

[8] The court also notes that the *Keller* decision did not address whether a 25% award of attorney's fees would be unreasonably high in light of the amount of time the attorney spent on the case. Instead, it addressed whether past-due retirement benefits should be included in the total amount of benefits to which the contingency applied. *See Keller*, 759 F.3d at 1283-85.

[9] Doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)), at 5.

court's previous decision, because one of the reasons it stated for reducing a 25% contingency fee is the circumstance in which "*the benefits are large in comparison to the amount of time the attorney spent on the case.*" *Id.* at 1271 (citing *Gisbrecht*, 535 U.S. at 808) (emphasis supplied).[10]

Finally, claimant cites a number of district court decisions upholding 25% contingency fees, but those decisions are not persuasive because none of the fee awards in those cases would have resulted in an effective hourly rate anywhere close to the $5,218.71 per hour fee requested in the present case. *See Hadeed v. Commissioner of Social Security*, No. 615CV392ORL41GJK, 2019 WL 1584531, at *3 (M.D. Fla. Apr. 4, 2019), *report and recommendation adopted*, No. 615CV392ORL41GJK, 2019 WL 1531982 (M.D. Fla. Apr. 9, 2019) (approving a fee of $12,406.81 for 28.2 hours of work, or $439.96 per hour); *Jenkins v. Commissioner of Social Security*, No. 615CV2134ORL31LRH, 2019 WL 1347934, at *3 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 615CV2134ORL31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (approving a fee of $11,864.00 for 19.7 hours of work, or $602.2 per hour); *Caffey v. Berryhill*, No. CV 15-00490-N, 2019 WL 456236, at *5 (S.D. Ala. Feb. 5, 2019) (awarding a fee of $42,895.25, but not

---

[10] The *Jackson* decision also did not substantively address whether the requested was reasonable in light of the amount of services rendered. Instead, it addressed the procedure for effecting a refund when an attorney receives fees under both the Social Security Act and the Equal Access to Justice Act. *See Jackson,* 601 F.3d at 1274.

disclosing how many hours counsel worked on the case); *Hill v. Berryhill*, No. 1:14CV1141-CSC, 2018 WL 5499736, at *1 (M.D. Ala. Oct. 29, 2018) (approving a fee of $21,461.25 for 13.50 hours of work, or $1,589.72 per hour); *Moore v. Berryhill,* No. CV 115-074, 2018 WL 703295, at *2 (S.D. Ga. Jan. 12, 2018), *report and recommendation adopted*, No. CV 115-074, 2018 WL 702821 (S.D. Ga. Feb. 2, 2018) (approving a fee of $20,373.00 for 25.75 hours of work, or $791.18 per hour); *Norris v. Colvin,* No. 1:11-cv-3154-RDP (N.D. Ala. June 27, 2017) (approving a fee of $10,464.00 for 20.2 hours of work, or $518.02 per hour); *Horne v. Astrue*, No. 3:09CV194/MCR/EMT, 2011 WL 6258837, at *2-3 (N.D. Fla. Nov. 8, 2011), *report and recommendation adopted*, No. 3:09CV194/MCR/EMT, 2011 WL 6258828 (N.D. Fla. Dec. 15, 2011)(approving a fee of $20,244.00 for 19.05 hours of work, or $1,062.68 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (approving a fee of $21,057.75 for 8.15 hours of attorney time and 24.6 hours of paralegal time, for an overall hourly rate of $642.98.[11]

In summary, the court stands by its decision that $5,701.80 is a reasonable fee for the work performed by claimant's attorney before this court. Accordingly, claimant's attorney's motion for reconsideration is due to be denied. An appropriate order will be entered contemporaneously herewith.

---

[11] Claimant's block quote from *Yarnevic* references an award of $12,406.81 for 28.2 hours of work, but that is not an accurate citation of *Yarnevic*. *See* doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. 406(b)), at 11.

DONE and ORDERED this 6th day of September, 2019.

/s/ Lynwood Smith
United States District Judge