# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAURA GOSSETT,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1696-CLS |
| | ) |
| **ANDREW SAUL, Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

The Eleventh Circuit Court of Appeals issued a formal mandate on June 22, 2020: the date on which its decision in *Gossett v. Social Security Administration, Commissioner*, No. 19-13922, 2020 WL 2043429 (11th Cir. April 28, 2020) (*per curiam*), became final. *See* doc. no. 43 (Circuit Mandate); Fed. R. App. P. 41(a).[1] Upon issuance of the mandate, the jurisdiction of the appellate court terminated, and this court reacquired the authority to implement the mandate. The following memorandum opinion addresses the issues directed by the Circuit, as well as two

---

[1] A "mandate" is the device by which an appellate court closes an appeal and transfers jurisdiction to another court. Federal Rule of Appellate Procedure 41 specifies that a mandate must issue seven days after expiration of the time to file a petition for rehearing expires, or seven days after entry of an order denying a timely petition for panel rehearing, rehearing *en banc*, or motion for stay of mandate, whichever is later. However, the Court of Appeals may shorten or extend those times. Fed. R. App. P. 1(b).

motions filed by claimant's attorney prior to the issuance of the mandate and, therefore, this court's reacquisition of jurisdiction to address those motions.

## II. PRIOR PROCEEDINGS

This court entered an order on August 8, 2019, granting the motion and amended motion of claimant's counsel for approval of an attorney's fee,[2] but only in part: that is, the court denied counsel's requested fee of $78,280.63 (*an amount that, based upon the fifteen hours of time that claimant's counsel had devoted to the case, represented an hourly rate of* $5,218.71),[3] and instead awarded a fee of $5,218.80 (*a sum of money that amounted to an hourly rate of* $380.12: *twice counsel's typical*

---

[2] *See* doc. no. 18 (Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406(b)); doc. no. 20 (Amended Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406(b)).

[3] The requested fee of $78,280.63 represented 25% of the *total* past-due benefits awarded to claimant and her three dependents, less the amount previously recovered by counsel under the Equal Access to Justice Act. *See Hopkins v. Cohen*, 390 U.S. 530 (1968) (holding, *inter alia*, that "past-due benefits" include not only the benefits due the claimant, but also those due any dependents of the claimant).

> When an attorney has rendered services in representing a claimant before the SSA in a claim for Title II benefits, and the SSA has made a favorable decision which resulted in the claimant and the claimant's family becoming entitled to past-due benefits, a part of the past-due benefits may be certified for direct payment to the attorney as compensation for services. Payment to the attorney is limited to whichever of the following is the smallest:
> 1. twenty-five percent of the claimant's and family's past-due benefits;
> 2. the amount which the SSA has fixed as a reasonable fee; or
> 3. the amount of the fee agreed upon between the claimant and the attorney.

2 Harvey L. McCormick, SOCIAL SECURITY CLAIMS AND PROCEDURES § 16:8, at 256 (6th ed. 2009).

*hourly fee*).[4]  Claimant's counsel moved for reconsideration;[5] this court denied that motion;[6] counsel appealed;[7] and a panel of the Eleventh Circuit Court of Appeals held that this court erred in relying upon an out-of-circuit case, *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418 (6th Cir. 1990), as persuasive authority. *Gossett v. Social Security Administration, Commissioner*, No. 19-13922, 2020 WL 2043429, at *3 (11th Cir. April 28, 2020) (*per curiam*).

The Sixth Circuit's opinion in the *Hayes* case grappled with the question of how to determine when an extraordinarily large fee for a Social Security claimant's attorney amounted to a "windfall":  a noun that originally was coined to identify fruit dislodged from a tree by the wind,[8] but a word that the law adapted to describe an unexpected and easily-gained benefit, usually in the form of a large profit not caused by the effort or merits of the recipient.[9]  When addressing that issue, the Sixth Circuit

---

[4] *See* doc. no. 23 (Order entered Aug. 8, 2019), at 3-4.

[5] *See* doc. no. 24 (Motion for Reconsideration of Order on Attorney Fee Pursuant to 42 U.S.C. § 406(b)); doc. no. 26 (Agency's Response to Motion for Reconsideration of Order on Attorney Fee for Claimant's Counsel); and doc. no. 27 (Reply of Claimant's Counsel to Agency's Response).

[6] *See* doc. no. 29 (Memorandum Opinion Addressing Motion for Reconsideration filed by Claimant's Counsel), and doc. no. 30 (Order Denying Motion).

[7] See doc. no. 31 (Notice of Appeal).

[8] *See*, *e.g.*, Webster's Third New International Dictionary 2619 (2002).

[9] *Id*. at 2620; *see also Black's Law Dictionary* 1738 (9th ed. 2009); *Oxford English Dictionary*, https://www.oed.com/view/Entry/229216?redirectedFrom=windfall#eid (last visited June 11, 2020).

principally relied upon a "lodestar" calculation to determine the reasonableness of the fee awarded to the attorney for a Social Security claimant. Among other things, the opinion observed that a "windfall"

> can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. *See*, *e.g.*, *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986) ("[w]ithout a floor the introduction of a cap would depress average fees below their expected level in the private market"). Such a result would thwart Congress's intention to assure social security claimants of good representation. *See Rodriquez* [*v. Bowen*], 865 F.2d [739,] 744 [(6th Cir. 1989)] ("[t]he fee approval provision is also designed to assure adequate compensation to the claimant's attorney and as a consequence to encourage attorney representation").

*Hayes*, 923 F.2d at 422 (alterations in original). The Sixth Circuit stated that the "calculation of a hypothetical hourly rate that is twice the [attorney's] standard [hourly] rate" provided a "floor, below which a district court has no basis for questioning . . . the reasonableness of the fee." *Id*. On the other hand, if the hypothetical hourly rate is above that "floor" — *i.e.*, *an amount that is twice the attorney's standard hourly rate* — then the district court *should* evaluate it for reasonableness using the usual factors. *Id*.

4

A significant point in this court's prior opinion — one that either was not emphasized on appeal by the Government's attorney, or a limitation that was overlooked by the Circuit — was this court's express statement that it did not regard the Sixth Circuit's opinion in *Hayes* "as binding authority, but as a case that 'provided persuasive guidance about how to determine when a high hourly rate will constitute a windfall to claimant's counsel.'"[10]  This court also observed that there were "no Eleventh Circuit decisions requiring the court to follow a different path."[11] Finally, this court "did not *ignore* claimant's contingent fee agreement"; instead, that agreement was reviewed "for reasonableness," and it was "determined that awarding counsel 25% of claimant's past due benefits [*i.e.*, the requested amount of $78,280.63] would constitute an unreasonable windfall."[12]

Nevertheless, the Eleventh Circuit vacated the fee awarded to claimant's counsel, and instructed that, following remand, this court should "evaluate factors and circumstances beyond the lodestar calculation, based on the circumstances of [claimant Laura] Gossett's case." *Gossett*, 2020 WL 2043429, at *3 (alteration supplied).

---

[10] Doc. no. 29 (Sept. 6, 2019 Memorandum Opinion Addressing Motion for Reconsideration filed by Claimant's Counsel), at 3 (quoting doc. no. 23 (Order entered Aug. 8, 2019), at 2).

[11] *Id*. at 4.

[12] *Id*. (emphasis in original, alteration supplied).

### III.  DISCUSSION

As noted in the introduction, claimant's counsel filed two motions prior to the Eleventh Circuit's issuance of a formal mandate and, therefore, this court's reacquisition of jurisdiction to consider either.  The first asks this court to award claimant's counsel, under the Equal Access to Justice Act, an attorney's fee in the amount of $5,555.60 for the time he devoted to the proceedings before the Eleventh Circuit Court of Appeals.[13]  The second motion requests approval under 42 U.S.C. § 406(b) of a fee in the reduced amount of $27,000:  a sum of money that represents approximately half of the $54,094.13 amount withheld from the $162,282.37 in past-due benefits awarded to claimant, Laura Gossett, alone.[14]

### A.    Motion for Attorney's Fee Under Equal Access to Justice Act for Time Devoted by Claimant's Counsel to the Eleventh Circuit Appeal

Claimant's counsel, Myron K. Allenstein ("Allenstein"), requests an attorney's fee in the amount of $5,555.60 under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for the 27.2 hours of work he spent on the appeal of this court's

---

[13] *See* doc. no. 35 (Motion for Attorney's Fee Under Equal Access to Justice Act for Appeal to Eleventh Circuit), ¶ 4.  The Equal Access to Justice Act is codified at 28 U.S.C. § 2412.

[14] *See* doc. no. 38 (Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406(b)). Claimant's three dependants also were awarded past-due Social Security benefits, and the following amounts were withheld from their respective benefit awards for potential payment of attorney's fees: *i.e.*, $24,977.50 from the past-due benefits awarded to Landon Z. Zuber; $1,029.50 from the benefits awarded to Lincoln Hood; and $1,029.50 from the benefits awarded to Kristen Hood.  *See id.* at 1.

previous opinions, multiplied by an hourly rate of $204.25.[15]  The Commissioner opposes the motion, arguing that Mr. Allenstein, rather than claimant, was the real party in interest on the appeal and, therefore, he is not entitled to fees for representing his own interests.[16]

The EAJA allows for an award of attorney's fees to the "prevailing party" in a civil action brought by or against the United States, provided the position of the United States was not substantially justified, and that no special circumstance makes an award unjust.

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds* that the position of the United States was substantially justified or *that special circumstances make an award unjust*.

28 U.S.C. § 2412(d)(1)(A) (emphasis supplied).[17]

In this case, special circumstances make an award unjust.  First, in order to be considered a "prevailing party" for purposes of receiving an award of attorney's fees

---

[15] *See* doc. no. 35 (Motion for EAJA Attorney's Fee on Appeal), at 1-2, 4; *see also* doc. no. 35-2 (EAJA Statutory Maximum Rates).

[16] *See* doc. no. 36 (Opposition to Motion for EAJA Attorney's Fee).

[17] Additionally, the party seeking the fee award must solicit it within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).

under the EAJA, one must actually be a party to the case. *See Southwest Marine, Inc. v. United States*, 43 F.3d 420, 421-23 (9th Cir. 1994) (holding that a nonparty could not be a "prevailing party" within the meaning of the EAJA). The Eleventh Circuit has specifically held that attorney's fees under the EAJA "are awarded to the prevailing party, not to the prevailing party's attorney." *See Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008); *see also id.* at 736 (citing *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988)) (stating that provisions within 28 U.S.C. § 2412 "rule out the attorney as the prevailing party"). Therefore, claimant Laura Gossett is the only party eligible to be considered the "prevailing party."

However, while Laura Gossett was named as the appellant in the appeal for the award of attorney's fees, it is clear that Allenstein was the real party in interest. As the Supreme Court noted in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), "[a]lthough the claimant[ ] [was] named as the appellant[ ] . . . , the real part[y] in interest [is the] attorney[ ], who seek[s] to obtain [a] higher fee award[ ] under § 406(b)." *Id.* at 798 n.6 (alterations supplied). In its decision in this case, the Eleventh Circuit refers to the motion for attorney's fees and the subsequent appeal as "Allenstein's," thereby indicating that the Circuit also viewed Allenstein as the real party in interest. *Gossett*, No. 19-13922, 2020 WL 2043429, at *2.

Furthermore, the appeal was in pursuit of a monetary benefit for Allenstein,

which necessarily results in a monetary loss for claimant because any fee awarded under 42 U.S.C. § 406(b) will come out of Laura Gossett's back-pay award. *See Coppett v. Barnhart*, No. CV 197-247, 2003 WL 171691, at *1 (S.D. Ga. Jan. 15, 2003) (quoting *Gisbrecht*, 535 U.S. at 802) ("Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery."). As such, neither Allenstein nor claimant qualify as an eligible "prevailing party" for purposes of the EAJA.[18]

Additionally, this court is persuaded by the opinions of those courts which have denied attorney's fees for activities that benefit counsel alone. *See, e.g.*, *Moore v. Berryhill*, No. CV 115-074, 2018 WL 703295 (S.D. Ga. Jan. 12, 2018) (noting the court previously disallowed a "disputed 1.5 hours when determining fees under the EAJA because requesting an extension for filing a brief benefits Plaintiff's counsel alone and is not compensable at taxpayer expense"); *Blackwell v. Astrue*, No. 06-CV-860S, 2008 WL 4145523 (W.D.N.Y. Sept. 8, 2008) (holding plaintiff's counsel was not entitled to an EAJA award for time spent filing briefs related to an award of

---

[18] This court is not persuaded, however, by the Commissioner's argument that Allenstein's status as the "real party in interest" means he was acting as a *pro se* litigant. *See* doc. no. 36 (Opposition to Motion for Attorney's Fees), at 5-6. As Allenstein argued, *Kay v. Ehrler*, 499 U.S. 432 (1991), was decided, at least in part, on policy reasons. The Supreme Court did not want to "create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." *Kay*, 499 U.S. at 438. This type of situation, where there is an underlying client relationship, would not create such a "disincentive to employ counsel" and, therefore, does not fall under *Kay*.

9

attorney fees). Because the appeal was entirely for Allenstein's benefit, and to claimant's detriment, he is not entitled to an award of attorney's fees for the appeal.

Based upon the foregoing considerations, claimant's motion for attorney's fees under the EAJA will be DENIED.

**B.     Attorney Fees Under 42 U.S.C. § 406(b)**

42 U.S.C. § 406(b)(1)(A) authorizes a district court to award fees to a claimant's attorney when, as in the present case, the court remands a case to the Commissioner of Social Security for further proceedings,[19] and the Commissioner subsequently awards the claimant past-due benefits.[20] That statutory provision specifies that the fee awarded to the claimant's attorney is to be paid out of the benefits recovered, and that it is limited in amount to "a reasonable" sum that cannot exceed twenty-five percent of the total amount of past-due benefits awarded to the claimant and any eligible dependents: *i.e.*,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment *a reasonable fee for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject

---

[19] *See* doc. no. 13 (May 11, 2015 Memorandum Opinion and Order Remanding Case to the Commissioner of Social Security for Further Proceedings).

[20] *See* doc. no. 18-2 (Feb. 26, 2019 "Notice of Decision – Fully Favorable").

> to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis supplied); *see also*, *e.g.*, *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1275-76 (11th Cir. 2006).

The issue addressed by the Supreme Court's opinion in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), was a question that had

> sharply divided the Federal Courts of Appeals: *What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"?* See [42 U.S.C. § 406(b)(1)(A)]. Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation? See *Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983) (interpreting Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs" (internal quotation marks omitted)).
>
>  Congress, we conclude, designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. Because the decision before us for review rests on lodestar calculations and rejects the primacy of lawful attorney-client fee agreements, we reverse the judgment below and remand for recalculation of counsel fees payable from the claimants' past-due benefits.

*Gisbrecht*, 535 U.S. at 792-93 (emphasis supplied, bracketed alteration in original).

11

*Gisbrecht* held that, *even when* the fee requested by an attorney who successfully represented a claimant for Social Security benefits in federal court *does not exceed* the 25 percent boundary established by § 406(b), the attorney *still* "*must show* that the fee sought is *reasonable* for the services rendered." *Id*. at 807 (emphasis supplied).

Moreover, if the total amount of the past-due benefits awarded to a successful Social Security claimant is "large in comparison to the amount of time counsel spent on the case, *a downward adjustment is . . . in order*." *Id*. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (*en banc*) (holding that reviewing courts should not allow "windfalls for lawyers")) (emphasis supplied). In like manner, the Eleventh Circuit's opinion in *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), held that reviewing courts "may reduce the requested fee . . . if the benefits are large in comparison to the amount of time the attorney spent on the case." *Id*. at 1271; *see also*, *e.g.*, *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) (same). Accordingly, the following discussion evaluates whether claimant's counsel has demonstrated that the fee he has requested is "reasonable."

The contingent-fee agreement executed by claimant, Laura Gossett, states that, "[i]f the claim is won in Federal Court and if counsel is entitled to a fee for work at the administrative level, . . . the fee cap is not applicable and counsel will be entitled

to a fee *based on time devoted to the claim* but limited to 25% of back benefits."[21] In this case, multiplying the total amount of past-due benefits awarded to claimant and her eligible dependents by a factor of 25% produces $78,280.63: a sum of money that, when divided by the fifteen hours of counsel's work, results in an effective hourly rate of $5,218.71. This court previously concluded that a fee of such an amount was not reasonable.[22] Consequently, counsel now requests a reduced amount, $27,000, for the same fifteen hours of work.[23] That amount also is an unreasonable windfall, based upon the amount of time counsel devoted to the pursuit of claimant's past-due benefits.

Downward adjustment of the award also is justified because the representation provided claimant by counsel was not exemplary. This action, seeking judicial review under 42 U.S.C. § 405(g) of a final decision by the Commissioner that was adverse to claimant, Laura Gossett, was commenced on September 2, 2014. Counsel alleged five grounds for his contention that the Commissioner's unfavorable decision was neither supported by substantial evidence nor in accordance with applicable legal

---

[21] Doc. no. 18-1 (Allenstein & Allenstein Fee Agreement) (emphasis added).

[22] *See* doc. no. 23 (Order Granting in Part Motion for Attorney Fees), at 2.

[23] *See* doc. no. 38 (Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406 (b)), at 1. $27,000 ÷ 15 hours = an effective hourly rate of $1,800.

standards,[24] but this court found *some* merit in only one of the five:  *i.e.*, the contention that the Social Security Administrative Law Judge ("ALJ") erred in failing to find claimant disabled under Listing 11.02A.  *See* doc. no. 13 (May 11, 2015 Memorandum Opinion and Order Remanding Claim to the Commissioner), at 2 (hereafter, "**Original Opinion**").

That ruling was not based upon counsel's work, however.  Instead, this court held that the ALJ's adverse finding — *i.e.*, that "claimant's impairments did not meet the criteria of section 11.02 of Appendix 1, dealing with neurological disorders, as the evidence failed to show that the claimant had documented and detailed description[s] of seizure pattern[s] occurring at the required frequencies"[25] — *was supported by substantial evidence*.  Specifically, this court found that:

> There is no indication in the record that claimant ever received a diagnosis of epilepsy, or that she experienced *any* convulsive seizures, much less seizures at the frequency required by the Listing. Instead, that which claimant characterizes as "seizures" was . . . frequently referred to in her medical records as "syncopal episodes," or fainting. *Thus, claimant did not satisfy the explicit ciriteria of Listing 11.02A*.

Doc. no. 13 (Original Opinion), at 3-4 (emphasis supplied).

Even so, this court additionally observed that the ALJ "also made a conclusory

---

[24] All of the issues raised were standard fare for social security appeals, including the weight given to a treating physician's opinion, bias, credibility, and listings. *See id.* at 6-7.

[25] Doc. no. 13 (Original Opinion), at 3 (alterations supplied).

finding that 'claimant does not have an impairment or combination of impairments that meets *or medically equals* the severity of one of the listed impairments . . . .'" *Id*. at 4 (emphasis in original). However, the argument of claimant's attorney that the ALJ's finding was erroneous was "seriously underdeveloped," as this court noted:

> Claimant's entire argument on this point consists of the following phrase: "A finding of medical equivalence is substantial [*sic*: *substantiated*] by the following records . . . ," followed by a summary of all of claimant's medical records that mentioned seizures or syncopal episodes. Doc. no. 10 (claimant's brief), at 29. *That argument is seriously underdeveloped, and it is unsupported by any case law or regulatory authority.* Even so, the court will address the argument *in order to avoid any unnecessary prejudice to claimant as the result of her attorney's briefing style*.

*Id*. at 4 n.4 (alteration and emphasis supplied). This court then proceeded to consider the Social Security regulations that define the criteria for determining "medical equivalence," *see id*. at 4-5, and concluded that it was not possible to

> discern the basis for the ALJ's conclusory finding that claimant's impairments did not medically equal any of the listed impairments. The record contains sufficient evidence of the frequency of claimant's syncopal episodes to at least warrant discussion about whether those episodes are "at least equal in severity and duration to the listed findings" for seizure disorders. Remand is warranted for further consideration of that topic.

Doc. no. 13 (Original Opinion) at 5 (quoting 20 C.F.R. § 416.926(a)). Based upon those considerations, none of which had been developed by claimant's counsel, this court reversed the adverse decision, and remanded the claim to the Commissioner of

15

the Social Security Administration for further proceedings consistent with the court's memorandum opinion and order. *See id*. at 5-6.

In short, this court's decision favorable to claimant was not attributable to her attorney's work, but to this court's willingness to critically evaluate the ALJ's conclusory finding, despite counsel's failure to develop arguments supporting the decision to reverse and remand the claim.[26] Furthermore, the large amount of past due benefits is attributable only to a delay in calculating benefits, — from the award in June of 2015 until the release of the back pay benefits in July of 2019 — not the attorney's work.[27]

Additionally, the motion that counsel filed on June 2, 2020, seeking approval of a fee pursuant to 42 U.S.C. § 406(b), raises serious questions about his relationship with the claimant. For example, the first page alleges that

> Counsel requests a fee of **$27,000** which plaintiff and counsel tentatively agreed on. Counsel mailed plaintiff an authorization to sign. Two weeks later, Counsel and plaintiff discussed the issue on the phone

---

[26] The fact that claimant received a favorable decision following remand of her claim to the Commissioner of Social Security also may be more attributable to the fact that different Administrative Law Judges conducted hearings and issued decisions than to the advocacy of counsel. *Compare* doc. no. 7-3 (Decision by ALJ Ronald Reeves), at 20-33 (finding transferability of job skills was irrelevant, and that jobs claimant could perform existed in substantial numbers in the national economy) *with* doc. no. 18-2 (Decision by ALJ Emilie Kraft), at 9-10 (finding that claimant's job skills were not transferable, and that no jobs claimant could perform existed in significant numbers).

[27] *See* doc. no. 38 (Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406 (b)), at 6.

and plaintiff said she was not sure if she would sign the authorization. Counsel assured plaintiff she did not have to sign the authorization. Counsel mailed plaintiff a proposed fee request to be submitted to the court. Today plaintiff's mother called counsel and stated she had power of attorney for her daughter and accused counsel of harassing her daughter. Plaintiff and her mother believe counsel has received $54,094.13, the money the SSA withheld for attorney fees. Counsel explained that any fee must be first approved by the court.

Doc. no. 38 (Motion for Approval of Attorney Fee Pursuant to 42 U.S.C. § 406 (b)), at 1 (emphasis in original). It is difficult to reconcile the foregoing statements with the following representations found on page six of the same pleading:

Counsel for Plaintiff believes that a fee of **$27,000.00** is reasonable and just in this case and **should not be reduced** for the following reasons:

**1.    Plaintiff has consented to the fee**.
After negotiations between Plaintiff and counsel, Plaintiff consented and authorized the requested fee, but she subsequently refused to sign an authorization.

*Id*. at 6 (emphasis in original).

Moreover, two letters mailed to this court by claimant, Laura Gossett, vehemently deny that she ever "agreed to give [attorney Myron Allenstein] $27,000 of my back social security benefits."[28] She adds that "after [Allenstein's] constant harassment [she] told him '[she] would think about it.'"[29]

---

[28] Doc. no. 39, at 1; *see also, e.g.*, doc. no. 40, at 1 ("I haven't agreed to anything").

[29] Doc. no. 39, at 1 (alterations supplied).

17

## IV.  CONCLUSION

Based upon the foregoing considerations, the motion of claimant's counsel for approval of an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412, will be denied, but his motion for approval of a reasonable attorney's fee pursuant to 42 U.S.C. § 406(b) will be granted, but only in part.  Claimant's counsel will be awarded the amount of $12,750 as a reasonable fee for work performed before this court.  42 U.S.C. § 406(b)(1)(A).

A separate Order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 23rd day of June, 2020.

                                                              _____
                                                            Senior United States District Judge